# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN FISCHER, | No. 4:18-CV-00455 |
| Plaintiff. | (Judge Brann) |
| v. | |
| CABLE SERVICES COMPANY, INC, | |
| Defendant. | |

## MEMORANDUM OPINION

### DECEMBER 13, 2018

Defendant Cable Services Company, Inc., moved to dismiss portions of Plaintiff Karen Fischer's complaint. For the following reasons, that motion will be granted in part and denied in part.

## I. BACKGROUND

Ms. Fischer began working for Cable Services as a Human Resource Manager on April 4, 2011.[1] On November 1, 2015, she filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") that accused Cable Services of discriminating against her because of her gender.[2] In June 2016, she informed Cable Services that she was withdrawing that charge.[3]

---

[1] Amended Complaint (ECF No. 10) ¶ 18.

[2] *Id.* ¶ 39.

[3] *Id.* ¶ 48.

On March 15, 2017, Cable Services had to close its offices due to a snowstorm.[4] When its CEO sought to dock employees' salaries for the missed day of work, Ms. Fischer—believing that action forbidden by the Fair Labor Standards Act ("FLSA")—advised Cable Services's management accordingly.[5] A few days later, on March 22, 2017, she was terminated.

On September 18, 2017, Ms. Fischer filed another Charge of Discrimination with the EEOC, accusing Cable Services of discrimination and retaliation based on gender as well as age.[6] On November 22, 2017, that agency issued her a Right-to-Sue Letter, and on February 23, 2018, she initiated the above-captioned action. Her operative complaint alleges that Cable Services discriminated against her because of her gender and age, and that Cable Services retaliated against her because of her earlier EEOC charge and her FLSA-based advice.

## II. DISCUSSION

### A. Standard of Review

When considering a motion to dismiss for failure to state a claim upon which relief may be granted,[7] a court assumes the truth of all factual allegations in the plaintiff's complaint and draws all inferences in favor of that party;[8] the court does

---

[4] *Id.* ¶ 62.

[5] *Id.* ¶ 65.

[6] ECF No. 12-1.

[7] Federal Rule of Civil Procedure 12(b)(6).

[8] *Phillips v. County Of Allegheny*, 515 F.3d 224, 228 (3rd Cir. 2008).

not, however, assume the truth of any of the complaint's legal conclusions.[9] If a complaint's factual allegations, so treated, state a claim that is plausible—*i.e.*, if they allow the court to infer the defendant's liability—the motion is denied; if they fail to do so, the motion is granted.[10]

B. **Statute of Limitations**

Because Ms. Fischer's 2017 EEOC Complaint was not filed until September 18, 2017, Cable Services argues that Ms. Fischer cannot recover under federal law for any independently actionable adverse employment actions that occurred before November 22, 2016, or under state law for any independently actionable adverse employment actions that occurred before March 22, 2017, because those actions are outside the statutory limitations period. This Court agrees, and will dismiss untimely claims.[11] Because the time has passed for Ms. Fischer to administratively exhaust those claims, that dismissal will be with prejudice.

Cable Services goes further, however, and argues that this Court should strike from the complaint all factual allegations that occurred before the above-mentioned limitations dates. This Court disagrees. Although Ms. Fischer cannot

---

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3rd Cir. 2016).

[10] *Id.*

[11] *See Bailey v. United Airlines*, 279 F.3d 194, 197 (3d Cir. 2002) ("In . . . Pennsylvania, . . . the EEOC charge must be filed within 300 days after the alleged unlawful employment practice occurs."); *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 164 (3d Cir. 2013) ("To bring suit under the PHRA, an administrative complaint must first be filed with the PHRC within 180 days of the alleged act of discrimination."); *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act.").

recover for any adverse employment action that occurred outside the limitations period, she may use those "prior acts as background evidence in support of [her] timely claim[s]."[12]

## C. Gender-Based Hostile Work Environment Claims

Cable Services argues that Ms. Fischer's claims for a gender-based hostile work environment should be dismissed because those claims were not presented in her 2017 EEOC Complaint. This Court agrees. While Ms. Fischer's 2017 EEOC Complaint generally alleges that she "was discriminated against due to [her] gender," it does not recite any facts indicting that she suffered gender-based harassment at work.[13] Therefore, these claims will be dismissed. Because the time has passed for Ms. Fischer to administratively exhaust those claims, that dismissal will be with prejudice.

## D. Title VII and PHRA Retaliation Claims

Cable Services also argues that Ms. Fischer's claims for retaliation under Title VII and the PHRA should be dismissed because she has not alleged a causal connection between protected activity (*i.e.*, her filing of the 2015 EEOC Complaint) and any adverse employment action. This Court agrees. Although Ms. Fischer generally alleges that Cable Services "subjected [her] to lingering antagonism, including derogatory comments . . . and unfair scrutiny," after she

---

[12] *National R.R. Passenger Corp*, 536 U.S. at 113.

[13] *Anton v. Perry*, 82 F.3d 1291, 1295-96 (3d Cir. 1996) (dismissing gender discrimination claim where it "d[id] not fall within the scope of the EEOC complaint or investigation").

filed the 2015 EEOC Complaint, these conclusory allegations do not allow this Court to plausibly infer that these actions, or her termination (which occurred years later), were causally connected to the filing of the 2015 EEOC Complaint. Therefore, this Court will dismiss Counts VI and VII of Ms. Fischer's Amended Complaint. That dismissal, however, will be without prejudice, and Ms. Fischer will be granted leave to amend these claims to correct the identified deficiency.

### E. Pain and Suffering Damages Under the ADEA

Cable Services argues that Ms. Fischer's demands under the ADEA for compensation for "emotional pain and suffering" is impermissible as a matter of law. Ms. Fischer agrees.[14] Therefore, this demand will be stricken from the Amended Complaint.

## III. CONCLUSION

For the preceding reasons, Cable Service's Motion to Dismiss will be granted in part and denied in part. An appropriate order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[14] *See Rogers v. Exxon Research & Engineering Co.*, 550 F.2d 834, 842 (3d Cir. 1977) ("damages for 'pain and suffering' or emotional distress cannot properly be awarded in ADEA cases."), *overruled on other grounds by Smith v. Jos. Schlitz Brewing Co.*, 604 F.2d 220 (3d Cir. 1979).